IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GEORGE V. STOKES,                    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        1:10CV935
                                     )
GLENN A. HARRIS, individually        )
and in his official capacity, and    )
CITY OF ROCKINGHAM,                  )
                                     )
                Defendants.          )

<u>MEMORANDUM OPINION AND ORDER</u>

BEATY, District Judge.

        This matter is before the Court on numerous motions filed by *pro se* Plaintiff George V.

Stokes ("Plaintiff"), including three Motions for Leave to file an Amended Complaint [Docs.

#48, #60, #71], two Motions to Compel Discovery [Docs. #61, #68], a Motion for a Jury Trial

[Doc. #86], and three Motions for Continuances [Docs. #99, #101, #105]. Also before the

Court is a Motion for Summary Judgment [Doc. #88] filed by Defendant City of Rockingham

and Defendant Glenn A. Harris, in his individual and official capacity (collectively

"Defendants"). For the reasons set forth herein, Plaintiff's Third Motion for Leave to File an

Amended Complaint ("Third Motion to Amend") [Doc. #71] will be granted in part and denied

in part, and Plaintiff's remaining motions will be terminated as moot. Additionally, Defendants'

Motion for Summary Judgment [Doc. #88] will be terminated as moot, without prejudice to

Defendants re-filing their Motion for Summary Judgment after a limited additional period for

discovery is completed.

I.    FACTUAL BACKGROUND

    Plaintiff's original Complaint alleges that on December 8, 2008, Defendant Officer Harris stopped Plaintiff's vehicle "with want of reasonable suspicion and want of probable cause." (Pl.'s Compl. [Doc. #3], at ¶ 1).  When Officer Harris approached Plaintiff's vehicle, Plaintiff alleges that he ordered Plaintiff to exit the vehicle and began physically searching Plaintiff without Plaintiff's consent.  (Pl.'s Compl. [Doc. #3], at ¶ 4).  Despite not finding anything illegal on Plaintiff's person, Plaintiff alleges that Officer Harris pushed Plaintiff, used a racial slur, then tripped Plaintiff to the ground.  (Pl.'s Compl. [Doc. #3], at ¶ 6-9).  Plaintiff then alleges that Officer Harris jumped on Plaintiff's back, began punching him in the head and face, deployed a taser on Plaintiff, and then continued to hit and kick Plaintiff with the assistance of another city police officer who arrived on the scene.  (Pl.'s Compl. [Doc. #3], at ¶ 10-12).  Officer Harris then placed Plaintiff in handcuffs and indicated that Plaintiff was under arrest for resisting arrest.  (Pl.'s Compl. [Doc. #3], at ¶ 13).  A search of Plaintiff's vehicle was then conducted and a book of rolling tobacco papers was found, leading to a charge against Plaintiff for Misdemeanor Drug Paraphernalia.  (Pl.'s Compl. [Doc. #3], at ¶ 21).

    Upon arrest, Plaintiff's vehicle was seized and impounded.  (Pl.'s Compl. [Doc. #3], at ¶ 22).  After all criminal charges were dismissed against Plaintiff, his vehicle was ordered to be returned to him.  (Pl.'s Compl. [Doc. #3], at ¶ 25).  However, Plaintiff alleges that Defendants then falsely informed the presiding District Court Judge that the vehicle did not belong to Plaintiff, and the order releasing the vehicle to Plaintiff was vacated, preventing Plaintiff from

recovering his vehicle. (Pl.'s Compl. [Doc. #3], at ¶ 25).

Based on the foregoing facts, Plaintiff, *pro se*, filed this action against Defendants on December 6, 2010, alleging various claims of federal constitutional violations under 42 U.S.C. § 1983, state law violations, and state constitutional violations based on the initial encounter between Plaintiff and Officer Harris and the events that followed. To support his claims, Plaintiff has provided a video to the Court which he alleges depicts the events surrounding his arrest on December 8, 2008.[1] At this time, Plaintiff seeks leave to amend his original Complaint, and Defendants oppose any such amendments.

## II. MOTIONS TO AMEND COMPLAINT [Docs. #48, #60, #71]

In Plaintiff's Third Motion to Amend,[2] Plaintiff seeks leave to file an amended complaint "adding new claims[,] adding more and different facts[,] changing a legal claim . . . correcting defects in the original complaint" and also adding a new Defendant to the action. (Pl.'s Third Motion to Amend [Doc. #71], at 1). While Plaintiff's original Complaint, filed on December 6,

---

[1]Defendants dispute the authenticity of Plaintiff's video and have submitted their own video to the Court that allegedly depicts the events surrounding Plaintiff's arrest. However, the Court notes that a determination regarding the authenticity of the submitted videos is not appropriate at this time.

[2]The Court notes that in Plaintiff's First Motion for Leave to File an Amended Complaint ("First Motion to Amend"), Plaintiff seeks to add a new claim of illegal retaliation. (Pl.'s First Motion to Amend [Doc. #48]). In Plaintiff's Second Motion for Leave to File an Amended Complaint ("Second Motion to Amend"), Plaintiff seeks to add a new Defendant to the action. (Pl.'s Second Motion to Amend [Doc. #60]). However, because Plaintiff's Third Motion to Amend contains an attached document entitled "Amended Complaint" that encompasses both of these previously sought amendments, the Court will limit its analysis to Plaintiff's Third Motion to Amend [Doc. #71] and the proposed Amended Complaint attached thereto [Doc. #71-1]. Still, the Court has considered Defendants' responses to each of the three Motions to Amend filed by Plaintiff [Docs. #55, #63, #78].

3

2010, is sixteen pages and contains nine causes of action as enumerated by Plaintiff (Pl.'s Compl. [Doc. #3], at 3), Plaintiff's proposed Amended Complaint[3] is forty-six pages and contains sixteen causes of action as enumerated by Plaintiff. (Pl.'s Am. Compl. [Doc. #71-1], at 2). Additionally, Plaintiff's proposed Amended Complaint names Officer Cheyenne Revels ("Officer Revels") as a new Defendant. (Pl.'s Am. Compl. [Doc. #71-1], at 2).

Defendants oppose Plaintiff's Third Motion to Amend, contending that "plaintiff should not be allowed, at this late date, to interject new claims against the defendants based upon retaliation." (Defs.' Response to Pl.'s First Motion to Amend [Doc. #55], at 9). Further, with regard to adding Officer Revels as a Defendant in this action, Defendants contend that it is "too late in the process to add a new defendant to this case" and "[t]o do so would require further extensions of the discovery period and delays in this action." (Defs.' Response to Pl.'s Second Motion to Amend [Doc. #63], at 1). Defendants argue that to allow any amendments at this time "would, in effect, start this action anew and would result in undue delay and prejudice to the defendants." (Defs.' Response to Pl.'s Third Motion to Amend [Doc. #78], at 1).

Pursuant to Rule 15(a), leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The Fourth Circuit has indicated that Rule 15(a)'s directive "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Delay, alone, "is not sufficient

---

[3]The term "proposed Amended Complaint" throughout this Opinion is in reference to the document attached to Plaintiff's Third Motion to Amend, entitled "Amended Complaint" [Doc. #71-1].

reason to deny leave to amend." Cadwell v. C.I.R., 483 Fed. App'x 847, 853 (4th Cir. 2012) (quotations and citations omitted). Rather, pursuant to Rule 15(a) "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber, 438 F.3d at 426.

Because Defendants do not argue that Plaintiff is acting in bad faith by seeking to amend, and the record evidences no such bad faith, the Court will address the remaining two grounds upon which leave to amend may be denied: undue prejudice to the opposing party or futility of amendment. With regard to prejudice, "whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." Id. at 427. "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" Id. (quoting Johnson v. Oroweat Foods, Co., 785 F.2d 503, 509 (4th Cir. 1986)). "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." Id. Further, with regard to futility of amendment, "[a]n amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prot., Inc. v. U.S.E.P.A., 222 F.R.D. 271, 278 (M.D.N.C. 2004).

As noted above, Plaintiff seeks leave to amend his original Complaint to add new claims,

5

new and different facts, and a new Defendant. The Court will first evaluate Plaintiff's request

to add new facts and claims and will then evaluate Plaintiff's request to add a new Defendant.

A.     Plaintiff's Request for Leave to Add New Claims and Facts

For the purposes of construing the new claims Plaintiff seeks to add, the Court notes that

"[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2220, 167 L. Ed. 2d 1081 (2007) (internal

citations and quotations omitted). While Plaintiff's original Complaint contains nine causes of

action as enumerated by Plaintiff (Pl.'s Compl. [Doc. #3], at 3), Plaintiff's proposed Amended

Complaint contains sixteen causes of action as enumerated by Plaintiff. (Pl.'s Am. Compl. [Doc.

#71-1], at 2). However, many of the enumerated causes of action Plaintiff purports to add in his

proposed Amended Complaint were previously included within his original Complaint, but were

labeled as "Counts" instead of "Causes of Action."[4] While the proposed Amended Complaint

_____

[4]Plaintiff's original Complaint contains three separate groups of purported claims. First, Plaintiff's original Complaint enumerates the causes of action against Defendants as follows: "(1) False Arrest, With Malice, (2) Illegal Searches and Seizures, (3) Malicious prosecution, (4) Excessive Use of Force, (5) Excessive Fine, (6) Conspiracy, (7) Common Law Conspiracy, (8) Deprivation of Due Process of Law, and (9) Intentional Infliction of Emotional Distress and Mental Anguish." (Pl.'s Compl. [Doc. #3], at 3). Second, Plaintiff's original Complaint later enumerates seven additional "Counts" as follows: (1) Violation of Constitutional Rights under § 1983; (2) Conspiracy to Violate Civil Rights; (3) Assault and Battery; (4) Intentional Infliction of Emotional Distress; (5) Negligence; (6) Negligence; (7) Malicious Abuse of Process, False Arrest with Malice, and False Imprisonment. (Pl.'s Compl. [Doc. #3], at 9-12). Third, Plaintiff's original Complaint then further contains six additional "Causes of Action" which reference claims of racial discrimination and prejudice, deliberate indifference, cruel and unusual punishment, and municipal liability based on policy and custom and failure to train and

6

contains a more cohesive and organized presentation, adding additional facts and specificity to the claims alleged in Plaintiff's original Complaint, the Court only construes one additional claim not mentioned in some capacity in Plaintiff's original Complaint: illegal retaliation. Thus, the Court must determine whether the addition of this particular claim would be futile or would prejudice Defendants.

Plaintiff bases his illegal retaliation claim on alleged actions taken by Defendants in retaliation for Plaintiff's initiation of this lawsuit. Plaintiff alleges that "in February of 2011, Defendant City of Rockingham, and its departments, maliciously and deliberately contacted the assigned District Attorney in plaintiffs [sic] pending criminal prosecution, in retaliation of plaintiff for exercising his First Amendment right to petition." (Pl.'s Am. Compl. [Doc. #71-1], at 22). In support of this amendment, Plaintiff provides a transcript from a court proceeding unrelated to this matter in which an Assistant District Attorney provided the sentencing court with the following information:

> The Rockingham Police Department had contact with my boss, Ms. Newton, back in February of 2011. Rockingham police indicated this defendant tried to fabricate an offense against law enforcement officers there where he had indicated that law enforcement officers had beaten him, and he had a cell phone video. The only problems [sic] is that the law enforcement officers also had videos on their – on their cars. And they were able to disprove the fact, that he had fabricated the evidence against those officers.

(Pl.'s First Motion to Amend [Doc. #48-1]). Plaintiff further alleges that this information was provided "in order to degrade the plaintiffs [sic] character and cause the sentencing Judge not

---

supervise. (Pl.'s Compl. [Doc. #3], at 12-14).

7

to consider any mitigat[ing] factors." (Pl.'s Am. Compl. [Doc. #71-1], at 22).

In opposing leave to amend to add an illegal retaliation claim, Defendants argue that "no claims for retaliation exist in this case" because "defendants had (and have) legitimate concerns regarding the video" being discussed in the provided court transcript. (Defs.' Response to Pl.'s First Motion to Amend [Doc. #55], at 9). In light of these concerns, Defendants allege that the police department "notified the District Attorney and other agencies of its concerns regarding the possibility of a fabricated video." (Defs.' Response to Pl.'s First Motion to Amend [Doc. #55], at 7). Defendants argue that because their concerns regarding the authenticity of the video are "real and reasonable, no claims for retaliation exist in this case and plaintiff should not be allowed, at this late date, to interject new claims against the defendants based upon retaliation." (Defs.' Response to Pl.'s First Motion to Amend [Doc. #55], at 9).

Essentially, Defendants argue that due to their legitimate concerns about the authenticity of Plaintiff's video, any new retaliation claim allowed at this point would be futile. However, when considering the futility of a proposed amendment, the Court's inquiry is whether the proposed amendment would survive a Rule 12(b)(6) motion to dismiss. See Syngenta Crop Prot., Inc., 222 F.R.D. at 278. "[A]t the motion to dismiss stage, a court must accept the allegations of the complaint as true." Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 189 (4th Cir. 2002). Thus, Defendants' argument regarding the authenticity of the video is not effective in opposing leave to amend, as "[f]actual determinations such as this are not suitably made at the motion to dismiss stage of a case." Faircloth v. Duke Univ., 267 F. Supp. 2d 470,

473 (M.D.N.C. 2003). Instead, taking Plaintiff's allegations as true, Plaintiff has stated a plausible claim for retaliation and the amendment would not be futile. Any arguments Defendants have regarding the authenticity of the video will be more appropriately addressed at summary judgment or trial.

Further, allowing the addition of Plaintiff's illegal retaliation claim will not prejudice Defendants. In opposing Plaintiff's proposed Amended Complaint, Defendants argue that "[i]t is too late in the process to amend the Complaint, as plaintiff requests, to add new claims and a new defendant." (Defs.' Response to Pl.'s Third Motion to Amend [Doc. #78], at 1). "Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). Plaintiff filed his First Motion to Amend to add a retaliation claim on May 17, 2012, before the close of discovery on July 15, 2012. Further, Plaintiff's First Motion to Amend alleged that the sentencing proceedings revealing the alleged retaliatory conduct did not take place until March 9, 2012. (Pl.'s First Motion to Amend [Doc. #48], at 2). Thus, delay in adding a retaliation claim was unavoidable, as the information was not available to Plaintiff at the time he filed his original Complaint. Further, there was no dilatory conduct, as Plaintiff sought his amendment shortly after discovering the new information. See Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987) ("[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.").

Additionally, Plaintiff's illegal retaliation claim does not substantially change the character

of the litigation, but merely adds one additional allegation of a constitutional violation committed by Defendants against Plaintiff. See Simpson v. Specialty Retail Concepts, Inc., No. C-88-100-WS, 1992 WL 752146, at *4 (M.D.N.C. Jan. 27, 1992) (granting the plaintiff's motion to amend where the proposed amendment "[did] not substantially change the character of the litigation"). Finally, to the extent Defendants argue that allowing the proposed Amended Complaint at this stage of the litigation will require new discovery that will prejudice Defendants, this prejudice is not obvious from the record, as Plaintiff's proposed Amended Complaint only adds one new claim along with supplemental facts that would not require an extensive amount of new discovery. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (finding the defendants had not shown prejudice where "the allegations sought to be added in [the] first amended complaint derived from evidence obtained during discovery regarding matters already contained in the complaint in some form and, except for [one additional allegation], merely added specificity to those matters"). Thus, because the proposed Amended Complaint consists of supplemental facts adding specificity and one new claim, was not proposed in bad faith, is not futile, and will not prejudice Defendants, the Court will grant in part Plaintiff's Third Motion to Amend to the extent he seeks to add supplemental facts and an additional claim of illegal retaliation.

      B.     <u>Plaintiff's Request to Add a New Defendant</u>

In addition to seeking leave to add a new claim and additional facts, Plaintiff also seeks to add a new Defendant to this action. Plaintiff's original Complaint states that "[a]nother City

Police Officer (Unknown John Doe) arrived at the scene and collaborated with the Defendant Officer Harris, by holding the plaintiff down to the ground while, Defendant Officer Harris, began hitting the plaintiff again." (Pl.'s Compl. [Doc. #3], at ¶ 12). However, Plaintiff's original Complaint never names this "John Doe" officer as a "Defendant," either in the caption of the Complaint or within the Complaint itself.

On June 12, 2012, Plaintiff filed his Second Motion to Amend, seeking to add Officer Cheyenne Revels as a new Defendant in the action as the "John Doe" officer referred to in Plaintiff's original Complaint. (Pl.'s Second Motion to Amend [Doc. #60]). Additionally, Plaintiff's proposed Amended Complaint contains more detailed allegations regarding Officer Revels' conduct, including an allegation that "Officer Cheyenne Revels, arrived at the scene in his patrol vehicle and maliciously and deliberately display [sic] his taser-gun[,] and tasered the plaintiff while driving in his patrol vehicle with want to cause harm." (Pl.'s Am. Compl. [Doc. #71-1], at 13).

In response to Plaintiff's request to add Officer Revels as a Defendant, Defendants argue that "it is too late in the process to add a new defendant" and doing so "would require further extensions of the discovery period and delays in this action so that the newly added individual could be properly defended." (Defs.' Response to Pl.'s Second Motion to Amend [Doc. #63], at 1). Thus, Defendants argue that to add a new defendant "would, in effect, start this action anew and would result in undue delay and prejudice to the defendants." (Defs.' Response to Pl.'s Third Motion to Amend [Doc. #63], at 1).

11

In order to add Officer Revels as a Defendant in this action, "plaintiff must meet the relation back requirements of Rule 15(c)" of the Federal Rules of Civil Procedure. Denny v. Hinton, 110 F.R.D. 434, 438 (M.D.N.C. 1986). Under Rule 15(c)(1)(C), an amendment that "changes" the party against whom a claim is asserted relates back to the date of the original proceeding only if certain criteria are satisfied. See Fed. R. Civ. P. 15(c). The Fourth Circuit has broadly construed the word "changes" in Rule 15(c) to include the addition of a party to a complaint. See Goodman v. Praxair, Inc., 494 F.3d 458, 469 (4th Cir. 2007). Thus, the proposed addition of Officer Revels as a Defendant in this action properly implicates a Rule 15(c) analysis.

The addition of Officer Revels as a Defendant can only relate back to the date of the original Complaint if the following elements are satisfied:

> (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant but for a mistake concerning the identity of the proper party.

Id. at 467 (internal quotations omitted). The Fourth Circuit has recognized that these three requirements must be "understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served." Id. at 468. Here, it is clear that the first requirement for relation back is satisfied, as Officer Revels' alleged conduct arose out of the same arrest incident that is the basis of Plaintiff's original Complaint and proposed Amended Complaint. Thus, the remaining two requirements must be considered.

12

Both the second and third requirements mandate an inquiry into whether the proposed defendant received sufficient notice. See Bond v. Rexel, Inc., No. 5:09-CV-122, 2011 WL 1578502, at *2 (W.D.N.C. Apr. 26, 2011) ("[W]hile the Rule gives reference to a 'mistake,' the focus in determining whether an amendment relates back is on whether the new party had notice of the action, and the effect of the amendment on the party."). For purposes of analyzing whether a newly added defendant received sufficient notice, Rule 15(c)(1)(C) requires that the party sought to be added must have received notice of the action within the period provided for by Rule 4(m), which is typically 120 days from the filing of the original complaint. See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Notice within this prescribed time period may be either formal or informal. W. Contracting Corp. v. Bechtel Corp., 885 F.2d 1196, 1201 (4th Cir. 1989). Indeed, "the relation-back doctrine does not require a showing that the actual complaint or summons was served upon the party affected by the amendment." Bruno v. Paulison, No. RDB 08-0494, 2009 WL 377300, at *4 (D. Md. Feb. 12, 2009). Still, Rule 15(c) "requires not only notice of the institution of an action but also notice of the possibility that the putative new defendant may be a defendant in that action." W. Contracting Corp., 885 F.2d at 1201.

Here, Plaintiff's original Complaint was filed on December 6, 2010, and the current Defendants in the action were served on January 29, 2011. The original Complaint includes a reference to an "Unknown John Doe" officer who was present during Plaintiff's arrest, but the original Complaint never labels this John Doe as a "Defendant," either in the caption or the body of the Complaint. (Pl.'s Compl. [Doc. #3], at ¶ 12). Thus, the appropriate inquiry is whether

Officer Revels received notice of the institution of this action and the possibility that he may be a Defendant in this action, either formal or informal, between the filing of the original Complaint on December 6, 2010, and the expiration of the Rule 4(m) 120-day period on April 5, 2011.

It is clear that Officer Revels did not receive formal notice of any claims against him, as he was never named as a Defendant in the original Complaint or served within the 120-day time period. However, because informal notice is also sufficient to satisfy Rule 15(c), the Court must determine whether Officer Revels received informal notice within the 120-day time period. "Notice within this prescribed time period may be presumed when the nature of the claim is apparent in the initial pleading and the added defendant has . . . a sufficient identity of interest with the original defendant." W. Contracting Corp., 885 F.2d at 1201. Identity of interest generally means that "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Holden v. R.J. Reynolds Indus., Inc., 82 F.R.D. 157, 161 (M.D.N.C. 1979). However, the identity of interest method is not appropriately applied to Officer Revels in this instance, as Officer Revels is not high enough in the administrative hierarchy to share a sufficient identity of interest with the City of Rockingham. See Garvin v. City of Philadelphia, 354 F.3d 215, 227 (3d Cir. 2003) ("The individual police officers sought to be added to this action . . . do not share a sufficient nexus of interests with their employer, the City . . . [and] the district court correctly held that it could not impute notice for purposes of Rule 15(c)(3)(A) under the identity of interest method."). Further, notice to Officer Revels is not properly imputed through Officer

14

Harris based on the identity of interest theory. See Jones v. Wysinger, 815 F. Supp. 1127, 1130 (N.D. Ill. 1993) ("The mere fact that [the original defendants and the attempted new defendant] were on the same police force and are represented by the same counsel is insufficient to establish an identity of interest sufficient to impute notice.").

Further, notice cannot be imputed on Officer Revels through the shared attorney theory, which is "based on the premise that when an originally named party and the party sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Boatwright v. Good, No. 1:02CV209-C, 2003 WL 22231194, at *2 (W.D.N.C. Aug. 6, 2003). Defendants' counsel does not officially represent Officer Revels at this point, and there is no indication that Defendants' counsel communicated to Officer Revels that he may potentially be joined in this action within the 120-day time period. Thus, notice cannot be imputed to Officer Revels through the shared attorney theory. See Garvin, 354 F.3d at 227 ("[A] plaintiff must show that there was 'some communication or relationship' between the shared attorney and the John Doe defendant prior to the expiration of the 120-day time period in order to avail him or herself of the shared attorney method of imputing notice.").

Overall, there is no evidence before the Court that Officer Revels received notice, formal or informal, of the possibility of being joined in this suit between the filing of the original Complaint on December 6, 2010, and the expiration of the 120-day time period on April 5, 2011. The "John Doe" referred to in the original Complaint was not labeled as a "Defendant" at any

point, and Defendants' Answer indicating that "another Rockingham police officer was present at the scene and assisted Officer Harris" is not sufficient to indicate that Officer Revels received notice within the 120-day time period.  (Defs.' Answer [Doc. #12], at ¶ 12).  Additionally, while Officer Revels submitted an Affidavit in Support of Defendants' Motion for Summary Judgment, this Affidavit was given on August 7, 2012, well beyond the expiration of the 120-day time period on April 5, 2011.  Further, the purpose of the Affidavit by Officer Revels was to provide support for Defendants against the claims being asserted in the original Complaint, not to defend his own actions as a non-party in the case.  Thus, Officer Revels did not receive formal or informal notice of the action within the prescribed time period.  See Goodman, 494 F.3d at 471 ("[N]aming Doe defendants self-evidently is no 'mistake' such that the Doe substitute has received proper notice.").

Further, the addition of Officer Revels to the lawsuit at this time, almost two years after the Rule 4(m) time period has run, would prejudice Officer Revels.  See Creed v. Hill, No. 1:12cv317 (JCC/IDD), 2012 WL 3685992, at *7 (E.D. Va. Aug. 24, 2012) (noting that if a four-year extension to the Rule 4(m) period were allowed, "it would be hard to envision a scenario where a plaintiff forced to name 'John Doe' defendants would not enjoy an end-run around the rule so long as he eventually located and served them"); Goodman, 494 F.3d at 471 (noting that under Rule 15(c), "[m]ost parities substituted for 'Doe' defendants would be protected against being added either because they were prejudiced or because they did not have proper notice").  Thus, because the addition of Officer Revels cannot relate back to the date of the original

16

Complaint under Rule 15(c), the Court will deny in part Plaintiff's Third Motion to Amend to the extent he seeks to add Officer Cheyenne Revels as a new Defendant in the action.

## III. DISPOSITION OF THE REMAINING MOTIONS

As a matter of procedure, Plaintiff shall file an Amended Complaint within fourteen (14) days of the date of this Order. More specifically, Plaintiff shall re-file the document entitled "Amended Complaint" [Doc. #71-1], which is presently attached to Plaintiff's Third Motion to Amend and contains the additional facts and claim as proposed. However, prior to such re-filing, Plaintiff shall remove any reference to Officer Cheyenne Revels as a "Defendant," both in the caption and the body of the Amended Complaint. Further, Plaintiff shall not include any new claims or additional facts not already included in the proposed Amended Complaint [Doc. #71-1], as the Court's granting in part of Plaintiff's Third Motion to Amend is limited to the addition of the illegal retaliation claim and the proposed additional facts adding specificity to the claims alleged in the proposed Amended Complaint. To assist Plaintiff in filing his Amended Complaint, the Clerk's Office shall send Plaintiff a copy of Plaintiff's proposed Amended Complaint [Doc. #71-1] along with a copy of this Order.

In addition, because Plaintiff's Amended Complaint, when filed, will include additional facts and a new claim, the Court will permit additional discovery, beyond what has already been completed, for a period of twenty (20) days from the date of the filing of Plaintiff's Amended Complaint. During this time, the parties may seek only necessary additional discovery limited to the illegal retaliation claim and the additional facts included within Plaintiff's Amended

Complaint. Because of this discovery extension, Plaintiff's two pending Motions to Compel Discovery [Docs. #61, #68] will be terminated as moot, without prejudice to re-filing any necessary Motions to Compel upon completion of the additional twenty (20) day discovery period. Further, Plaintiff's Motion for a Jury Trial [Doc. #86] will be terminated as moot, as his proposed Amended Complaint contains a demand for a jury trial.

Additionally, because Plaintiff's Amended Complaint, when filed, will become the operative Complaint in this case, Defendants' previously-filed Motion for Summary Judgment [Doc. #88], which was directed at the original Complaint, will be terminated as moot, without prejudice to Defendants re-filing after the close of the additional discovery period permitted herein. Since the majority of Plaintiff's allegations, as set forth in the proposed Amended Complaint, remain unchanged, and in order to alleviate concerns Defendants may have regarding delay, the Court will expedite the filing and briefing period on any renewed Motion for Summary Judgment filed by Defendants. In that regard, the Court will order that Defendants shall file a renewed Motion for Summary Judgment as to Plaintiff's Amended Complaint within fourteen (14) days after the close of the additional discovery period. In order to reduce the need for additional briefing in this case, any renewed Motion for Summary Judgment need only address any new issues raised by the Amended Complaint and can incorporate Defendants' previous Motion for Summary Judgment [Doc. #88] by reference. Further, Defendants shall file a supplemental supporting memorandum addressing only the new matters reflected in the Amended Complaint and incorporating their previous supporting memorandum [Doc. #90] and

18

attached exhibits by reference. Further, the Court will order that Plaintiff shall file a Response within fourteen (14) days after Defendants file any renewed Motion for Summary Judgment. In addition, the Court will order that Defendants shall file a Reply within seven (7) days after Plaintiff files his Response.

IV.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Third Motion for Leave to File an Amended Complaint [Doc. #71] is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Third Motion for Leave to File an Amended Complaint is GRANTED with respect to Plaintiff's proposed addition of an illegal retaliation claim and additional supporting facts and DENIED with respect to Plaintiff's proposed addition of Officer Cheyenne Revels as a Defendant. IT IS FURTHER ORDERED that within fourteen (14) days of the date of this Order, Plaintiff shall file the document entitled "Amended Complaint" [Doc. #71-1], which is presently attached to Plaintiff's Third Motion for Leave to Amend and contains the additional facts and claim as proposed. However, prior to such re-filing, Plaintiff shall remove any reference to Officer Cheyenne Revels as a "Defendant," both in the caption and the body of the Amended Complaint. IT IS FURTHER ORDERED that Plaintiff shall not include any new claims or additional facts not already included in the proposed Amended Complaint [Doc. #71-1], as the Court's granting in part of Plaintiff's Third Motion to Amend is limited to the addition of the illegal retaliation claim and the proposed additional facts adding specificity to the claims alleged in the proposed Amended Complaint. IT IS FURTHER ORDERED that  to

assist Plaintiff in filing his Amended Complaint, the Clerk's Office shall send Plaintiff a copy of Plaintiff's proposed Amended Complaint [Doc. #71-1] along with a copy of this Order.

IT IS FURTHER ORDERED that any additional discovery needed in light of Plaintiff's Amended Complaint shall be completed within twenty (20) days of the date of the filing of Plaintiff's Amended Complaint.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [Doc. #88] will be terminated as MOOT, without prejudice to re-filing after the close of the additional discovery period.

IT IS FURTHER ORDERED that Defendants shall file any renewed Motion for Summary Judgment within fourteen (14) days after the close of the additional discovery period. Any renewed Motion for Summary Judgment need only address additional issues raised by Plaintiff's Amended Complaint, and Defendants' previous Motion for Summary Judgment and supporting memorandum and exhibits shall be incorporated by reference to Document numbers 88 and 90.

IT IS FURTHER ORDERED that Plaintiff shall file a Response within fourteen (14) days after Defendants file any renewed Motion for Summary Judgment, and Defendants shall file a Reply within seven (7) days after Plaintiff files his Response.

IT IS FINALLY ORDERED that pursuant to the Court's granting in part Plaintiff's Third Motion for Leave to File an Amended Complaint, Plaintiff's First Motion for Leave to File an Amended Complaint [Doc. #48], Plaintiff's Second Motion for Leave to File an Amended

Complaint [Doc. #60], Plaintiff's Motion for an Order Compelling Discovery [Doc. #61], Plaintiff's Second Motion for an Order Compelling Discovery [Doc. #68], Plaintiff's Motion for a Jury Trial [Doc. #86], and Plaintiff's Motions for Continuances to Respond to Defendants' Motion for Summary Judgment [Docs. #99, #101, #105] will all be terminated as MOOT.

This, the 25th day of March, 2013.

United States District Judge